UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PERRY LOUIS CAUSEY                                                                          PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 1:08CV155-RHW

SHERIFF DAVID ALLISON                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Perry Louis Causey's 42 U.S.C. § 1983 prisoner civil rights complaint.  Causey is proceeding pro se and in forma pauperis.  The Court conducted a screening hearing in this matter on June 19, 2008, pursuant to 28 U.S.C. § 1915A.  Plaintiff has named only one defendant:  Sheriff David Allison.  He asserts (1) that he has been subjected to unconstitutional conditions of confinement; (2) that he was subjected to cruel and unusual punishment/excessive force because he was placed in a restraining chair on three occasions and because Mississippi Department of Corrections officers assaulted him; and (3) he was denied medical care.

The Court finds that Plaintiff's complaint fails to state a claim against Defendant Allison for excessive force.  Plaintiff conceded that Allison was not directly involved in either the restraining chair or the assault incident.  Consequently, Allison has no personal involvement and is not the proper defendant. Plaintiff claims he sued Allison only because he is the sheriff.  Thus, Allison appears to be sued only in his supervisory capacity, which fails to state a cause of action under § 1983.  *See Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  Any claims against Allison in his individual capacity must be based on "direct acts or omissions . . . not the acts of subordinates."

*Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Plaintiff has not alleged any direct acts or omissions by Allison; therefore, he should be dismissed from this lawsuit. When asked whether he wished to sue anyone else for the allegations in his complaint, Plaintiff responded in the negative. The excessive force claims; therefore, must be dismissed because Plaintiff has failed to identify the responsible party or parties.

      The Court likewise finds Plaintiff's claim that he was denied medical care to be unpersuasive. He fails to provide any specific details regarding the denial of medical care. He simply makes the conclusory allegation, without any supporting factual allegations. The complaint is devoid of essential information such as the nature of injury, what treatment if any he received, and which individuals allegedly knew of and disregarded his medical need. Nor does he allege that Defendant Allison was personally involved in the denial of medical care. At the screening hearing, Plaintiff failed to elaborate on his claim of inadequate medical care. The Court finds that Plaintiff's claim of inadequate medical care against Defendant Allison should be dismissed.

      Defendant Allison oversees the Pearl River County Jail and, therefore, in his official capacity arguably would be the proper defendant with respect to Plaintiff's claims of unconstitutional conditions of confinement. Plaintiff specifically complains that (1) he does not receive hot meals; (2) he only gets yard call once every two weeks; (3) there is mold in the shower; and (4) the jail is overcrowded and unsanitary. Plaintiff admits that he receives enough food, he simply does not like the fact that the food is not hot. Plaintiff feels that he should get yard call once a week rather than once every two weeks. He complains of black mold growing in the shower, but he admits that he has had no medical problems resulting from the black mold.

Plaintiff has had to sleep on the floor approximately ten nights during his incarceration at Pearl River County Jail. He estimates that there are 24 bunks in his zone with an average of 30 inmates housed there. When he has slept on the floor, he has been provided with a mat, blanket, and sheet. Plaintiff states that the jail is dirty; however, the inmates receive cleaning supplies four times per week. Plaintiff could not attribute any specific illness or injury to the alleged overcrowded and unsanitary conditions; however, he stated that he caught a cold three times.

The Court finds that Plaintiff's allegations of unconstitutional conditions of confinement fail to state a claim and are frivolous. The Constitution does not require that inmates be housed in comfortable prisons; however, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded humane conditions of confinement and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). In order to establish an Eighth Amendment violation regarding conditions of confinement, an inmate must establish (1) that the deprivation alleged was sufficiently serious, i.e. an official's act or omission must have resulted in the denial of "the minimal civilized measure of life's necessities"; and (2) that the prison official possessed a sufficiently culpable state of mind. *Id.* The required state of mind is one of deliberate indifference to inmate health or safety. *Id.* Deliberate indifference is established by showing that prison officials (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn; and (2) that they actually drew an inference that such potential for harm existed. Pursuant to 42 U.S.C. § 1997e(e), an inmate may not recover for emotion or mental damages without a showing of a specific physical injury. *Id.* at 665.

Plaintiff is under the misconception that he is entitled to a "comfortable prison". *See*

*Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (holding that inmates are not entitled to "comfortable prisons" under the Constitution).  By his own admission, Plaintiff receives three meals a day, gets yard call once every two weeks, is given cleaning materials four times a week to clean the jail cell, and, other than catching cold three times, cannot identify any illness or injury attributable to the alleged overcrowding and unsanitary conditions.  The fact that his meals are not hot when they arrive, that there is black mold in the shower, and that he feels he does not get enough yard call simply does not rise to the level of a constitutional violation.  Plaintiff has presented nothing more than an unsubstantiated and conclusory allegation that his meals somehow were inadequate.  *See Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998); *Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986).  Although Plaintiff has had to sleep on the floor for approximately ten nights, he was given a mat, sheet, and blanket.  The temporary inconvenience of sleeping on a mat on the floor does not amount to a constitutional violation.  *See Johnson v. Pelker*, 891 F.2d 136, 138-39 (7th Cir. 1989); *Carlyle v. Aubrey*, 189 F.Supp.2d 660, 664 (W.D. Ky. 2001); *Ware v. Fairman*, 884 F.Supp. 1201, 1207 (N.D. Ill. 1995).  The Court finds that Plaintiff has failed to state a cause of action for overcrowding and unsanitary conditions of confinement.

      IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's lawsuit against Defendant Sheriff David Allison should be DISMISSED with prejudice for failure to state a claim upon which relief may be granted  Plaintiff is cautioned that his dismissal for failure to state a claim constitutes a strike under 28 U.S.C. § 1915(g).  If Plaintiff accumulates three strikes he will be barred from bringing a civil action or appeal a judgment in a civil action proceeding under § 1915, unless Plaintiff is under imminent danger of serious physical injury.

SO ORDERED, this the 8th day of September, 2008.

                                                                                             s/ *Robert H. Walker*
                                                                           UNITED STATES MAGISTRATE JUDGE